CYNDEE L. PETERSON
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 8329
Missoula, MT 59807
105 E. Pine Street, 2d Floor
Missoula, MT 59802
Phone: (406) 542-8851
FAX: (406) 542-1476
Email: Cyndee.Peterson@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA



IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| UNITED STATES OF AMERICA, | CR 13-31-M-DLC |
|---|---|
| Plaintiff, | PLEA AGREEMENT |
| vs. | |
| KELLY R. ETZEL, | |
| Defendant. | |

CLP   KRE   PTR   Date  11/12/13

1

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States of America, by Cyndee L. Peterson, Assistant United States Attorney for the District of Montana, and the defendant, Kelly R. Etzel, and her attorney, Paul T. Ryan, have agreed upon the following:

**1.     Scope:** This plea agreement is between the United States Attorney's Office for the District of Montana and the defendant. It does not bind any other federal, state or local prosecuting, administrative or regulatory authority, or the United States Probation Office.

**2.     Charges:** The defendant agrees to plead guilty to Counts II and XI of the Indictment, which charges the crimes of Distribution of Controlled Substances, in violation of 21 U.S.C. § 841(a). The offenses of Distribution of Controlled Substances (Schedule II controlled substances) carry a maximum punishment of twenty years imprisonment, a $1,000,000 fine, three years supervised release, and a $100 special assessment.

**3.     Nature of the Agreement:** The parties agree that this plea agreement shall be filed and become a part of the record in this

|   CLP   |   KRE   |   PTR   |   Date   |
|---|---|---|---|
|         |         |         | 11/12/13 |

case, and will be governed by Rule 11(c)(1)(A) and (B), Federal Rules of Criminal Procedure. The defendant acknowledges that the agreement will be fulfilled provided a) the United States moves to dismiss, and the Court agrees to dismiss, Counts I and III-X of the Indictment and does not pursue other charges against the defendant, and b) makes the recommendations provided below. The defendant understands that if the agreement is accepted by the Court, and Counts I and III-X are dismissed, there will not be an automatic right to withdraw the plea even if the Court does not accept or follow the recommendations made by the United States.

    4.    **Admission of Guilt:** The defendant will plead guilty because the defendant is in fact guilty of the charges contained in Counts II and XI of the Indictment. In pleading guilty, the defendant acknowledges that:

First, the defendant distributed a controlled substance;

Second, the defendant distributed the controlled substance knowingly and intentionally; and

    CLP    KRE    PTR    11/12/13 Date

Third, the defendant prescribed or distributed the controlled substance other than for a legitimate medical purpose and not in the usual course of professional practice.

5.  **Waiver of Rights by Plea:**

(a) The government has a right to use against the defendant, in a prosecution for perjury or false statement, any statement that the defendant gives under oath during plea colloquy.

(b) The defendant has the right to plead not guilty or to persist in a plea of not guilty.

(c) The defendant has the right to a jury trial unless the defendant, by written waiver, consents to a non-jury trial. The government must also consent and the court must approve a non-jury trial.

(d) The defendant has the right to be represented by counsel, and if necessary, have the court appoint counsel, at trial and at every other stage of these proceedings.

(e) If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random. The defendant and defense attorney

| CLP | KRE | PTR | 11/12/13 Date |

would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict the defendant unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt.

   (f)   If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he was persuaded of the defendant's guilt beyond a reasonable doubt.

   (g)   At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those government witnesses and the defense attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on the defendant's own behalf. If the witnesses for the

|  |  |  |  |
|---|---|---|---|
| CLP | KRE | PTR | Date 11/12/13 |

defendant would not appear voluntarily, their appearance could be mandated through the subpoena power of the court.

 (h) At a trial, there is a privilege against self-incrimination so that the defendant could decline to testify and no inference of guilt could be drawn from refusal to testify. Or the defendant could exercise the choice to testify on his own behalf.

 (i) If convicted, and within 14 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal the conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made which would entitle the defendant to reversal of the conviction.

 (j) The defendant has a right to have the district court conduct the change of plea hearing required by Rule 11, *Federal Rules of Criminal Procedure*. By execution of this agreement, the defendant expressly waives that right and agrees to hold that hearing before, and allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate Judge.

|  |  |  |  |
|---|---|---|---|
| CLP | KRE | PTR | 11/12/13 Date |

6

The defendant understands that by pleading guilty pursuant to this agreement, defendant is waiving all the rights set forth in this paragraph. The defendant's attorney has explained these rights and the consequences of waiving these rights.

6. **Recommendations:** The United States will recommend the defendant be given three points for acceptance of responsibility if appropriate under the Guidelines unless the defendant is found to have obstructed justice prior to sentencing, USSG § 3C1.1, or acted in anyway inconsistent with acceptance of responsibility. The parties reserve the right to make any other arguments at the time of sentencing. The defendant understands that the court is not bound by this recommendation.

7. **Sentencing Guidelines:** Although advisory, the parties agree that the U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable.

8. **Appeal Waiver:** The defendant understands that the law gives her a right to appeal and collaterally attack her conviction and

CLP  KRE  PTR  11/12/13 Date

sentence. Acknowledging this, the defendant knowingly waives any right to appeal her conviction and sentence and any right she may have to bring any other post-conviction attack on her conviction and sentence. She specifically agrees not to file a motion under 28 U.S.C. § 2255 or § 2241 attacking her conviction and sentence. This waiver does not prohibit her right to pursue or maintain such an action arising from facts not known or reasonably capable of being known at the time of her entry of guilty plea or alleging that she received ineffective assistance of counsel.

9. **Voluntary Plea:** The defendant and defendant's attorney acknowledge that no threats, promises, or representations have been made to induce the defendant to plead guilty, and this agreement is freely and voluntarily endorsed by the parties.

10. **Disclosure of Financial Information:** The defendant authorizes the U.S. Probation Office to release to the Financial Litigation Unit of the U.S. Attorney's Office all documents and financial information provided by the defendant to the U.S. Probation Office and any information obtained by the U.S. Probation Office about the

|  CLP | KRE | PTR | Date 11/12/13 |

defendant through its investigation. The defendant further agrees to fully complete a financial statement in the form prescribed by the U.S. Attorney's Office, provide financial documents as requested, and submit to a debtor's exam if deemed appropriate by the U.S. Attorney's Office pre-sentencing, in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The defendant consents to being immediately placed on the Treasury Offset Program to help meet the defendant's obligation to pay restitution and/or a fine.

**11. Waiver of Objection to Allocution Use in the Event of Withdrawal of Guilty Plea:** The defendant further agrees that any statements made by her or on her behalf in the change of plea proceedings in this matter may be used against her later at a trial on the merits should she withdraw her guilty plea. The defendant hereby expressly waives any objection to such use under Rule 410, *Federal Rules of Evidence* and Rule 11(f), *Federal Rules of Criminal Procedure*, if she successfully withdraws the plea entered pursuant to this agreement.

```
  _____      _____    _____    11/12/13
  CLP        KRE      PTR      Date
```

**12. Loss of Federal Benefits:** The defendant acknowledges that, based on her plea of guilty to a federal controlled substances crime, she is no longer eligible for assistance under any state program funded under Part A of Title IV of the Social Security Act or benefits under the Food Stamp Act. 21 U.S.C. § 862a. The court may also deny the defendant eligibility to participate in any federal grant, contract, loan, professional license, or commercial license. 21 U.S.C. § 862.

**13. Detention/Release After Plea:** Pursuant to 18 U.S.C. § 3143(a)(2), the defendant acknowledges that she will be detained upon conviction unless (A)(i) the Court finds there is a substantial likelihood that a motion for acquittal or new trial will be granted or (ii) this agreement provides that the United States will recommend that no sentence of imprisonment be imposed and (B) the Court finds, by clear and convincing evidence, that she is not likely to flee or pose a danger to any other person or the community. Then, if exceptional circumstances exist, the defendant may be released upon conditions.

**14. Breach:** If the defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this

| CLP | KRE | PTR | Date |
|---|---|---|---|
| _/s/_ | _/s/_ | _/s/_ | 11/12/13 |

agreement and sentencing, the U.S. Attorney's Office is relieved of its obligations under this agreement, but the defendant may not withdraw any guilty plea.

**15. Entire Agreement:** Any statements or representations made by the United States, the defendant, or her counsel prior to the full execution of this plea agreement are superseded by this plea agreement. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. This plea agreement constitutes the entire agreement between the parties. Any term or condition which is not expressly stated as part of this plea agreement is not to be considered part of the agreement.

MICHAEL W. COTTER
United States Attorney

_Timothy J. Racusin_ For
Cyndee L. Peterson
Assistant U. S. Attorney

_Kelly R. Etzel_
Kelly R. Etzel
Defendant

CLP  KRE  PTR  Date 11/12/13

Paul T. Ryan
Defense Counsel

CLP   KRE   PTR   Date 11/12/13